**Cheryl BERNSTEIN Plaintiff,**

v.

**BOIES, SCHILLER & FLEXNER, L.L.P., a professional association, Strategic Legal Resources, Inc., a New York corporation, and Strategic Legal Resources, L.L.C., a New York Limited Liability company, Defendants.**

**No. 05–61126–CIV–MOORE.**

United States District Court,
S.D. Florida.

Feb. 2, 2006.

Chris Kleppin, Esquire, Glasser, Boreth, Ceasar & Kleppin, Plantation, FL, for Plaintiff.

Michael W. Casey, III, Esquire, Kevin E. Vance, Esquire, Epstein Becker & Green, P.C., Miami, FL, for Defendant: Boies Schiller & Flexner, LLP.

Deborah P. Kelly, Esquire, Dickstein Shapiro Morin & Oshinsky, LLP, Washington, DC, Asuncion C. Hostin, Esquire, Dickstein Shapiro Morin & Oshinsky, LLP, New York City, for Defendant: Boies Schiller & Flexner, LLP.

Ronald M. Rosengarten, Esquire, Greenberg, Traurig, P.A., Miami, FL, for Co–Defendant: Strategic Legal Resources, Inc., and Strategic Legal Resources, L.L.C.

### ORDER

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Boies, Schiller & Flexner, L.L.P.'s Motion for Sanctions and Reconsideration (DE # 44). On January 24, 2006 the Court held a hearing on Defendant Boies, Schiller & Flexner, L.L.P.'s motion.

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

This is an action pursuant to 29 U.S.C. § 201 *et seq.* (the "Fair Labor Standards Act") brought by Plaintiff Cheryl Bernstein against Defendants Boies, Schiller & Flexner, L.L.P., Strategic Legal Resources, Inc. and Strategic Legal Resources, L.L.C. The Complaint in this case was filed on July 11, 2005 (DE# 1). On July 14, 2005, this Court entered Pretrial Order (DE # 5) requiring the parties to file a joint scheduling report within ten (10) days of their joint scheduling conference, which was to be held no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant, or within sixty (60) days after the filing of the complaint, whichever occurs first. **The order cautioned, "[f]ailure of counsel to file a joint scheduling report within the deadlines set forth above may result in dismissal, default, and the imposition of other sanctions including attorney's fees and costs."** The Complaint was filed on July 11, 2005. Therefore, a joint scheduling report should have been filed on or before September 23, 2005. On October 11, 2005, the Court entered an Order dismissing the case without prejudice for failure to file a joint scheduling report (DE# 35). On October 19, 2005, Plaintiff filed a motion to reinstate the case (DE# 36) which was denied by this Court on October 31, 2005 because a joint scheduling report had not yet been filed (DE# 37). On November 10, 2005, Plaintiff filed a statement of reasons for filing a unilateral scheduling report, a request for sanctions and to reopen the case and a unilateral scheduling report (DE# 39, 40). The next day the parties filed a joint scheduling report (DE# 38). On November 15, 2005, the Court reopened the case upon the filing of the November 11, 2005 joint scheduling report, denied Plaintiff's motion for sanctions and

denied as moot Plaintiff's motion to reopen the case (DE# 41).

On November 23, 2005, Defendant Boies Schiller & Flexner, L.L.P. ("BSF") filed the instant motion for sanctions against Plaintiff's counsel, Mr. Chris Kleppin, pursuant to 28 U.S.C. § 1927 and for reconsideration of this Court's Order reopening Plaintiff's case arguing that Plaintiff should be required to refile her case (DE# 44).[1]

## II.  ANALYSIS

### A.  *Imposing Sanctions Pursuant to 28 U.S.C. § 1927*

28   U.S.C. § 1927 provides:

Any attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

▪ Under 28 U.S.C. § 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation.   Unlike Rule 11, "awards pursuant to § 1927 may be imposed only against the offending attorney;  clients may not be saddled with such awards." *Byrne v. Nezhat,* 261 F.3d 1075, 1106 (11th Cir.2001) (internal citations omitted)

▪ The Eleventh Circuit has stated that to justify an award for sanctions pursuant to 28 U.S.C. § 1927:(i) an attorney must have engaged in unreasonable and vexatious conduct;  (ii) the conduct must have multiplied the proceedings;  and (iii) the amount of the sanctions cannot exceed the costs occasioned by the objectionable conduct.   *McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001).

▪ 28   U.S.C. § 1927 was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith.   A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.   *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003) (internal citations omitted).

### B.  *Allegations of Misconduct*

BSF alleges that Plaintiff's counsel, Mr. Kleppin, engaged in the following vexatious and unreasonable conduct warranting sanctions:[2]

#### 1.  *Failure to Comply with the Court's July 14, 2005 Pretrial Order*

BSF alleges that Mr. Kleppin failed to forward the Court's July 14, 2005 Pretrial Order to BSF as the Order required. BSF was thus unaware of the Order, modifying the deadline for filing a joint scheduling report from October 25, 2005 to September 23, 2005, until this Court dismissed the case for failure to comply with that Order.   BSF Mot. at 3. In response to this argument, Mr. Kleppin states that he did not provide BSF with the Order because counsel for BSF stated that they had already downloaded a copy of the Order from PACER.   Pl. Resp. at 9.

In reply to Mr. Kleppin's explanation for failing to provide Defendants with the Court's July 14, 2005 Order, BSF directs this Court to the declarations of Ascuncion C. Hostin and Kevin E. Vance filed with BSF's reply to the instant motion.   The declarations state that Ascuncion C. Hos-

---

**1.** At the January 24, 2006 hearing Defense counsel indicated that it was no longer seeking an order directing Plaintiff to refile its case.

**2.** At the January 24, 2006 hearing the parties reiterated each of their arguments and did not present the Court with any additional evidence.

tin and Kevin E. Vance have been aware of and participated in each conversation between BSF's counsel, Dickstein Shapiro Morin & Oshinsky LLP ("Dickstein") and Epstein Becker & Green, P.C. ("EBG") and Plaintiff's counsel, Mr. Chris Kleppin. Each declarant further states that "[c]ontrary to Plaintiff's assertions, at no time did I, or anyone else at [Dickstein or EBG], ever communicate to Mr. Kleppin that defense counsel did not need a copy of this Court's Order dated July 14, 2005 ("July 14 Order") because it had already been obtained from PACER." Exs. A and B to BSF's Reply at ¶ 4. Furthermore, each declarant states that "I was unaware of the existence of the content of the July 14 Order until October 11, 2005, when this Court dismissed the case for failure to comply with the terms of that Order." *Id.* at ¶ 5.

The evidence before this Court supports the conclusion that Mr. Kleppin did in fact violate this Court's July 14, 2005 Order by failing to provide Defendants with a copy of that Order. The Court further finds Mr. Kleppin's statement, that he did not comply with the Court's Order because he was informed by Defense counsel that they already had a copy of the Order from PACER, unsupported by the evidence before this Court.

### 2. *The October 19, 2005 Motion to Reinstate the Case*

BSF next contends that Mr. Kleppin misrepresented the circumstances sur-

rounding the filing of Plaintiff's unilateral scheduling report. In his October 19, 2005 motion to reinstate the case, Mr. Kleppin stated that it was because of "mutual errors between the parties" that the joint scheduling report had not been filed. BSF contends that this is simply untrue. BSF Mot. at 3. Mr. Kleppin also stated that he made "numerous attempts to contact Defendants' counsel by telephone concerning the joint scheduling report." *Id.* BSF states that aside from sending a draft joint scheduling report to BSF in August 2005, Mr. Kleppin made no attempt to contact BSF's counsel. *Id.*[3] Furthermore, BSF contends that Mr. Kleppin filed his October 19, 2005 motion without conferring with opposing counsel as required by the local rules. Rather, he left a voice-mail with BSF's counsel at 6:53 p.m. asking whether BSF would consent to the motion and without awaiting a reply filed the motion that same night. *Id.* at 3–4.

At the January 24, 2006 hearing, Mr. Kleppin was unable to present this Court with any evidence to refute BSF's allegations. Mr. Kleppin's representation in his October 19, 2005 motion that a joint scheduling report had not been filed due to "mutual errors between the parties" is not supported by the evidence. At the January 24, 2006 hearing, Mr. Kleppin represented to this Court that he did attempt to confer with opposing counsel prior to filing his October 19, 2005. Mr. Kleppin, howev-

---

**3.** As an exhibit to his Statement of Reasons for Filing a Unilateral Scheduling Report, Mr. Kleppin provided this Court with an October 12, 2005 Letter from Dickstein Shapiro. This letter was in response to a letter from Mr. Kleppin received on October 12, 2005 wherein Mr. Kleppin stated that "[b]ecause we first sent a proposed Joint Scheduling Report on August 16, 2005, the delay in your response has been a source of concern." Ms. Hostin, of Dickstein Shapiro, responded to this concern by stating that "[o]ur response has not

been delayed. Although you did send a proposed joint scheduling report, you did so before the parties had their joint scheduling conference." Moreover, Ms. Hostin stated that it was only at her insistence and after many unreturned phone calls and e-mails that Mr. Kleppin finally agreed to confer by telephone on October 6, 2005. It appears that Mr. Kleppin only began actively conferring with Defendants after this Court dismissed Plaintiff's case.

er, failed to produce any documentary evidence regarding the time and manner of such attempted contacts. Additionally, Mr. Kleppin was unable to explain or justify the fact that he allegedly attempted to confer with BSF's counsel by leaving a voice-mail with BSF's counsel at 6:53 p.m., on the night that the motion was filed.

### 3. *November 10, 2005 Filing of the Unilateral Scheduling REport*

Finally, BSF argues that on November 10, 2005, after several days of negotiations between the parties, a joint scheduling report was forwarded to Mr. Kleppin for his approval. BSF Mot. at 5–6. On that same day, however, Mr. Kleppin filed his unilateral joint scheduling report stating that Defendants' failure to cooperate forced him to file the unilateral scheduling report. Again Mr. Kleppin failed to confer with defense counsel. *Id.* The following day, on November 11, 2005, the joint scheduling report was filed, but Mr. Kleppin did not withdraw his unilateral report or request for sanctions.[4] *Id.*

Regarding the November 10, 2005 filing of a unilateral joint scheduling report, Mr. Kleppin provided the Court, as exhibits to his Statement of Reasons for Filing a Unilateral Scheduling Report, with a series of letters and email exchanges between the parties beginning on November 2, 2005. *See* Exh. 1–5 of Pl. Statement of Reasons for Filing a Unilateral Scheduling Report. On November 3, 2005 and November 4, 2005 Mr. Kleppin sent letters to defense counsel regarding their lack of responsiveness concerning the preparation of the joint scheduling report. On November 7, 2005 Defense counsel responded to Mr. Kleppin's letters stating that Mr. Kleppin had never reached out to Defense counsel and thus any lack of response on the part of Defense counsel is due to the fact that Mr. Kleppin never initiated any contact. Nevertheless, in the exhibits that follow, it is clear that substantial progress was being made from that date until the day that Mr. Kleppin filed his unilateral scheduling report. In light of the evidence that the parties were actively engaged in negotiations over a joint scheduling report, Mr. Kleppin has failed to provide the Court with any valid explanation for filing a unilateral report, particularly because a joint scheduling report was filed the next day.[5, 6]

■ The Court finds that Mr. Kleppin's unreasonable and vexatious conduct has clearly multiplied the proceedings in this case and warrants sanctions pursuant to 28 U.S.C. § 1927. Because of Mr. Kleppin's misrepresentations the instant motion has been filed and the Court has had to expend time and resources in parsing through the fabrications that now make up the record in this case. Furthermore, Defendants have had to expend time and funds on

---

4. BSF also points out that Mr. Kleppin was recently sanctioned by Magistrate Judge Klein for almost identical behavior in *Rodriguez v. Carey Int'l*, Case No. 03–22442–CIV–UUB. In response, Mr. Kleppin stated that BSF failed to inform this Court that the Order was vacated. At the January 24, 2006 hearing counsel for BSF informed this Court that the Order was vacated as a condition of settlement between the parties and that such vacation was not the result of any appeal or reconsideration of the Order.

5. Mr. Kleppin further states that BSF failed to confer with Plaintiff before the filing of the instant motion and so it should be denied. This allegation patently lacks credence as BSF clearly states in instant motion for sanctions and reconsideration that it attempted to confer with Mr. Kleppin who refused to discuss the matter. Mot. at 1.

6. In opposition, Mr. Kleppin additionally argues that BSF has purposefully engaged in behavior to force this Court to dismiss Plaintiff's case (*e.g.*, failing to cooperate to timely file a joint scheduling report) and thus its motion should be denied and BSF should be sanctioned. *Mr. Kleppin's motion for sanctions is DENIED.*

responding to each of Mr. Kleppin's unwarranted and misleading motions. Mr. Kleppin's conduct amounts to an abuse of the judicial process by conduct tantamount to bad faith. Mr. Kleppin has engaged in litigation tactics that needlessly obstruct the litigation of non-frivolous claims in this suit. Accordingly, based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant Boies, Schiller & Flexner, L.L.P.'s Motion for Sanctions (DE #44) is GRANTED. Defense counsel is directed to submit, within ten (10) days of the date of this Order, a detailed accounting of the costs incurred by filing the instant motion as well as the costs incurred by the motions that were drafted, but never filed, in response to Mr. Kleppin's various motions and filings with the Court.[7] It is further,

ORDERED AND ADJUDGED that Defendant Boies, Schiller & Flexner, L.L.P.'s Motion for Reconsideration (DE #44) is DENIED.

---

7. BSF contends that due to the Court's *sua sponte* Orders, it drafted, but never filed, various motions in response to Plaintiff's motions and filings.